# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMPC USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GWSI, INC., M. GERACE ENTERPRISES, INC., KEVIN BURKE, in his individual capacity, and MICHAEL GERACE, in his individual capacity, <br><br> Defendants. <br><br> GWSI, INC. & M. GERACE ENTERPRISES, INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> CMPC USA, INC., CMPC FOREST PRODUCTS NA LLC, and CMPC CELULOSA S.A., <br><br> Counterclaim and Third-Party Defendants. | Civil Action No. 2:24-cv-02087-MMB |

**CMPC USA, INC. AND CMPC FOREST PRODUCTS NA LLC'S
RESPONSE TO STRADLEY RONON STEVENS & YOUNG, LLP'S
<u>MOTION TO WITHDRAW AS COUNSEL</u>**

COMES NOW CMPC USA, Inc. and CMPC Forest Products NA LLC (together, "CMPC"), by and through its attorneys, and hereby responds to Stradley Ronon Stevens & Young, LLP's ("Stradley Ronon") Motion to Withdraw as Counsel (Dkt. No. 83), respectfully showing the Court as follows.

The Motion to Withdraw appears to have been filed because Stradley Ronon has learned that certain evidence relied upon by Defendants and Counterclaim-Plaintiffs ("GWSI") has been altered or fabricated. The issues surrounding an altered contract and GWSI's related conduct, which were outlined in CMPC's pending Motion for Sanctions, or, in the Alternative, to Compel (Dkt. No. 65), have permeated the pleadings, briefings, and discovery throughout the approximately 8-month life of this case. While CMPC does not oppose the ultimate withdrawal of Stradley Ronon as counsel for GWSI, the governing Rules of Professional Conduct and the Rules of Civil Procedure require that Stradley Ronon take certain actions before it is permitted to withdraw.

Specifically, if Stradley Ronon has learned that its clients have been using its advocacy and work product to put forward claims that lack any substantial basis in fact, or to advance false evidence or information to the Court, Stradley Ronon must take corrective actions, disavow its prior tainted work product, promptly supplement its prior discovery responses that contained misleading information, and convey to CMPC's counsel the status of certain investigations that Stradley Ronon previously represented were being undertaken as to those issues.

The importance of these duties and the promptness of their discharge is heightened by the appearance of new counsel for GWSI, whom the Court has provided an extension of time before requiring GWSI to respond to the substance of CMPC's Motion for Sanctions. (Dkt. No. 93.) But notwithstanding the appearance of new counsel, Stradley Ronon alone has any information related to GWSI's fraud upon CMPC and the Court, and Stradley Ronon should fulfill its obligations, including disclosing that information to at least the Court, before handing the case off to new counsel.

# RELEVANT BACKGROUND

1.      It is no exaggeration to say that, in its first formal communication to Stradley Ronon in April of 2024, counsel for CMPC raised the issue of whether GWSI was attempting to rely on an incorrect and altered version of the Parties' agreement. (*See* Ex. 25 to Stevens Decl. [Dkt. No. 65-2].) And after GWSI seized CMPC's goods and forced CMPC to file an Emergency Motion for a Temporary Restraining Order in May of 2024, CMPC put this issue front and center in its Complaint, seeking in Count I a declaration of its contractual rights. (*See* Dkt. No. 1.)

2.      After discovery commenced in June of 2024, CMPC's Interrogatories once again immediately focused on this issue; yet CMPC's straightforward requests were met with repeated and unrelenting stonewalling throughout the entirety of the discovery period. (*See* Ex. 22 to Stevens Decl. [Dkt. No. 65-2].)

3.      Later, immediately after GWSI began producing documents, counsel for CMPC gave written notice to Stradley Ronon in September of 2024 of the apparent spoliation of the Parties' February 9, 2021 email exchange in which GWSI contemporaneously executed and returned the *legitimate* version of the agreement to CMPC. (*See* Ex. 1 to Stevens Decl. [Dkt. No. 65-2].)

4.      Then, on October 1, 2024, CMPC served on GWSI its initial, forensic e-discovery expert report which analyzed certain metadata associated with the altered version of the agreement to conclude that it had likely been fabricated by GWSI. (*See* Ex. 1 to Merlino Decl. [Dkt. No. 65-3].)

5.      Shortly thereafter, counsel for CMPC reviewed a document from GWSI's then-recent production and discovered an attachment to an internal GWSI email dated January 9, 2024. CMPC could only conclude that this attachment was GWSI's first attempt at fabricating an altered

version of the agreement. CMPC's counsel promptly notified GWSI's counsel of this issue by letter dated October 10, 2024. (*See* Ex. 15 to Stevens Decl. [Dkt. No. 65-2].)

6. CMPC's counsel repeatedly requested any exculpatory explanation for this growing body of documentation that evidenced apparent document alteration and spoliation. (*See, e.g.*, Ex. 11 to Stevens Decl. [Dkt. No. 65-2].)

7. Thereafter, Stradley Ronon and GWSI refused to jointly agree to move the then-applicable October 30 deadline for the filing of discovery-related motions, and so CMPC filed its Motion for Sanctions or to Compel in order to protect its rights. (*See* Stevens Decl. [Dkt. No. 65-2] ¶ 25.)

8. Now, more than a month after CMPC filed its Motion for Sanctions, Stradley Ronon and GWSI have still not provided any explanation or rebuttal to the evidentiary showing in CMPC's Motion for Sanctions or in response to the repeated requests for explanation that preceded it. (*See* CMPC's Status Report [Dkt. No. 82] ¶¶ 8-14.)

9. Instead, upon being presented on November 26, 2024 with irrefutable evidence that the alleged in-person meeting between Michael Gerace of GWSI and Joaquin Rojas of CMPC (*see* GWSI's Counterclaims [Dkt. No. 74] ¶ 68) could not have happened—because Joaquin Rojas was in South America from February 12, 2021 through February 27, 2021 (*see* CMPC's Status Report [Dkt. No. 82] ¶ 6)—Stradley Ronon has moved to withdraw as counsel. (Dkt. No. 83.)

10. As of the date of this filing, the following motions remain pending against GWSI: CMPC's Motion for Sanctions or, in the Alternative, to Compel [Dkt. No. 65]; CMPC USA, Inc.'s Partial Motion to Dismiss [Dkt. No. 88]; and CMPC Forest Products NA, LLC's Motion to Dismiss [Dkt. No. 89].

## CMPC'S RESPONSE TO THE MOTION

11. It is CMPC's position that Stradley Ronon must first comply with its outstanding professional obligations before being permitted to withdraw as counsel for GWSI.

12. As set forth below, those professional obligations may include:

A. Under Pennsylvania Rule of Professional Conduct 3.3 (204 Pa. Code § 81.4), the obligation to make disclosures to the Court and to take corrective or remedial actions;

B. Under ABA Formal Opinion 92-366 (attached hereto as **Ex. A**), the obligation to disavow certain work-product to properly effectuate Stradley Ronon's withdrawal of representation;

C. Under Fed. R. Civ. P. 11, the obligation to withdraw any and all reliance on the contention that the Parties negotiated or executed the second, altered version of the Parties' agreement;

D. Under Fed. R. Civ. P. 26 and 37, the obligation to ensure that GWSI's discovery disclosures and responses are accurate and not asserted for an improper purpose, the obligation to timely supplement GWSI's discovery responses, and the obligation to cooperate with counsel for CMPC in discovery as it relates to GWSI's apparent spoliation of evidence.

**I. Stradley Ronon's Obligations under Rule 3.3 ("Candor to the Tribunal")**

13. In Local Rule 83.6, this Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania.

14. As relevant here, Pa. R. Prof. Cond. 3.3 ("Candor Toward the Tribunal") provides that a lawyer shall not knowingly: a) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer (Pa. R. Prof. Cond. 3.3(a)(1); or b) offer evidence that the lawyer knows to be false (Pa. R. Prof. Cond. 3.3(a)(3)).

15. Subsection (3) further provides that if a lawyer or a lawyer's client "has offered material evidence before a tribunal . . . and the lawyer comes to know of its falsity, the lawyer shall

take reasonable remedial measures, including, if necessary, disclosure to the tribunal." (Pa. R. Prof. Cond. 3.3(a)(3)).

16. Pa. R. Prof. Cond. 3.3(b) further provides that if a lawyer "knows that a person intends to engage, is engaging or has engaged" in "fraudulent conduct related to the proceeding," the lawyer "*shall* take reasonable remedial measures, including, if necessary, disclosure to the tribunal." (emphasis added).

17. The comments to Rule 3.3 provide further context for these obligations.

18. Comment 2 to Rule 3.3 states that "the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false."

19. Comment 8 to Rule 3.3 states that, although "[t]he prohibition against offering false evidence only applies if the lawyer knows that the evidence is false," a lawyer's knowledge that evidence is false "can be inferred from the circumstances" and that a lawyer "cannot ignore an obvious falsehood."

20. Comment 10 to Rule 3.3 states that, when a lawyer comes to know that he or she has offered material evidence that is false, "the lawyer *must* take reasonable remedial measures." (emphasis added). Comment 10 elaborates on this obligation as follows:

> In such situations, the advocate's proper course is to remonstrate with the client confidentially, advise the client of the lawyer's duty of candor to the tribunal and seek the client's cooperation with respect to the withdrawal or correction of the false statements or evidence. If that fails, the advocate must take further remedial action. If withdrawal from the representation is not permitted or will not undo the effect of the false evidence, the advocate must make such disclosure to the tribunal as is reasonably necessary to remedy the situation, even if doing so requires the lawyer to reveal information that otherwise would be protected by Rule 1.6. It is for the tribunal then to determine what should be done - making a statement about the matter to the trier of fact, ordering a mistrial or perhaps nothing.

21. Comment 11 to Rule 3.3 explains that, despite the "grave consequences" to the client that may result from a disclosure of this kind, "the alternative is that the lawyer cooperate in

deceiving the court, thereby subverting the truth-finding process which the adversary system is designed to implement."

22. Comment 12 to Rule 3.3 states that a lawyer has a "special obligation to protect the tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process." As such, Rule 3.3(b) "*requires* a lawyer to take reasonable remedial measures, including disclosure if necessary, whenever the lawyer knows that a person, including the lawyer's client, intends to engage, is engaging, or has engaged in criminal or fraudulent conduct related to the proceeding." (emphasis added).

23. As it relates to Stradley Ronon's obligations in connection with withdrawing from its representation of GWSI, comment 15 states that, "in connection with a request for permission to withdraw that is premised on a client's misconduct, a lawyer may reveal information relating to the representation only to the extent reasonably necessary to comply with this Rule or as otherwise permitted by Rule 1.6."

24. Notably, courts in the Third Circuit and elsewhere have held that Rule 3.3's "actual knowledge" standard is met where an attorney has a "firm factual basis" for his or her conclusion. *See United States ex rel. Wilcox v. Johnson*, 555 F.2d 115, 122 (3d Cir. 1977); *see also See United States v. Del Carpio–Cotrina,* 733 F. Supp. 95, 99 (S.D. Fla. 1990) (collecting cases).

25. Other authorities stand for the proposition that "deliberate ignorance" of a client's false evidence is also the equivalent of actual knowledge. *See, e.g., Wyle v. R.J. Reynolds Indus., Inc*., 709 F.2d 585, 590 (9th Cir. 1983) (in view of other facts known to law firm, it could not accept at face value client's denial of known fact).

26. As such, before being permitted to withdraw, if Stradley Ronon has either actual knowledge or a firm factual basis to conclude that it has offered material evidence that it now

knows to be false, then Stradley Ronon would be first required under Rule 3.3 to make necessary disclosures to the Court and to take other remedial measures as appropriate. *See, e.g., Yoo v. BMW Mfg. Co., LLC*, No. CV 7:17-3499-AMQ-SVH, 2018 WL 11485095, at *3, n.4 (D.S.C. Aug. 6, 2018); *Fed. Trade Comm'n v. Neovi, Inc.*, No. 06-CV-1952 JLS (JMA), 2014 WL 12700571, at *4 (S.D. Cal. Aug. 1, 2014); *In re Hill*, 437 B.R. 503, 545 (Bankr. W.D. Pa. 2010); *Pete v. Champion Exposition Servs., Inc.*, No. CIV. A. 99-3054, 2001 WL 803763, at *5 (E.D. La. July 13, 2001).

II. **Stradley Ronon's Obligations under ABA Formal Opinion 92-366 ("Withdrawal When a Lawyer's Services will Otherwise Be Used to Perpetrate a Fraud")**

27. ABA Formal Op. 92-366 provides as follows:

A lawyer who knows or with reason believes that her services or work product are being used or are intended to be used by a client to perpetrate a fraud must withdraw from further representation of the client, and may disaffirm documents prepared in the course of the representation that are being, or will be, used in furtherance of the fraud, even though such a "noisy" withdrawal may have the collateral effect of inferentially revealing client confidences.

28. As explained in Op. 92-366, the lawyer "may disavow any of her work product to prevent its use in the client's continuing or intended future fraud."

29. The Opinion goes on to say, however, that "[i]n some circumstances, such a disavowal of work product . . . may be *necessary* in order to effectuate the lawyer's withdrawal from representation of the client." (emphasis added).

30. As a result, under this Opinion, Stradley Ronon's confidentiality obligations under Rule 1.6 may not "trump" its obligations under Rule 3.3 "to withdraw assistance that has unknowingly been provided to a continuing or future fraudulent project in order to comply fully with [its] obligations to 'withdraw' so as to avoid 'assisting' client fraud."

31. Indeed, if Stradley Ronon "reasonably believes that [its] withdrawal in silence will be ineffective to prevent the client from using [its] work product to accomplish [the client's] unlawful purpose," then Stradley Ronon should "take the additional step of disaffirming [its] work

8

product." In such circumstances, "disavowal of [its work product] may be the only way of making [Stradley Ronon's] withdrawal effective."

32. CMPC therefore respectfully submits that under Op. 92-366 and the Pennsylvania Rules of Professional Conduct,[1] before Stradley Ronon is permitted to withdraw as counsel for GWSI, Stradley Ronon should disavow any of its work product that Stradley Ronon reasonably believes would otherwise assist GWSI in perpetrating a further fraud on CMPC and this Court.

33. Such work product would appear to include: certain of GWSI's objections and responses to CMPC's Interrogatories, Requests for Admissions, and Requests for the Production of Documents; GWSI's initial Complaint; GWSI's First Amended Complaint; GWSI's Counterclaims; GWSI's Motion to Dismiss; GWSI's Opposition to CMPC USA, Inc.'s Motion to Dismiss; GWSI's Opposition to CMPC Forest Products NA LLC's Motion to Dismiss; and GWSI's Motion to Compel.

34. Such work product also appears to include any and all work product directed at CMPC Forest Products NA LLC, including GWSI's Counterclaims, GWSI's discovery requests, and GWSI's Motion to Compel.

35. Indeed, there simply is no factual or legal basis for GWSI's tortious interference claim against CMPC Forest Products NA LLC apart from the removal of the "termination for convenience" provision in GWSI's altered version of the Parties' agreement. That is, without GWSI having deleted that "termination for convenience" provision in its fabricated version of the

---

[1] The Pennsylvania Rules of Professional Conduct are adopted from the ABA Model Rules. *See Greenberg v. Lehocky*, 81 F.4th 376, 380 (3d Cir. 2023) ("Historically, Pennsylvania has supported adoption of the ABA Model Rules in its Rules of Professional Conduct to promote consistency in application and interpretation of the rules from jurisdiction to jurisdiction" (citation and internal quotation marks omitted)).

9

Parties' agreement, there would be no factual basis or legal theory to support GWSI's tortious interference claim against CMPC Forest Products NA LLC.

**III.     Stradley Ronon's Obligations under Fed. R. Civ. P. 11(b)**

36.     Under Fed. R. Civ. P. 11, the Court may *sua sponte* order an attorney, law firm, or party to show cause why specifically identified conduct does not violate Fed. R. Civ. P. 11(b). *See Trustees of the Nat. Elevator Indus. Pension v. Access Lift & Serv. Co.*, No. CIV.A. 14-6516, 2015 WL 1456040, at *1 (E.D. Pa. Mar. 30, 2015).

37.     And under Fed. R. Civ. P. 11(b), it is sanctionable to allege factual contentions that lack evidentiary support. *See* Fed. R. Civ. P. 11(b); *see also Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986).

38.     Here, GWSI's Counterclaims allege that Michael Gerace of GWSI and Joaquin Rojas of CMPC met in person in "mid-February" in Charleston, South Carolina to negotiate and execute an alternative version of the Parties' agreement. (*See* GWSI's Counterclaims [Dkt. No. 74] ¶ 68.) And in the Parties' November 21, 2024 meet and confer conference, Stradley Ronon clarified that this reference to "mid-February" specifically meant between the dates of February 14, 2021 and February 18, 2021. (*See* CMPC Status Report [Dkt. No. 82] ¶ 5; *see also* Ex. A thereto.)  But as noted above, counsel for CMPC has since produced irrefutable evidence that no such meeting occurred, because Joaquin Rojas of CMPC was in South American between February 12, 2021 and February 27, 2021. (*See* CMPC's Status Report [Dkt. No. 82] ¶ 6.)

39.     CMPC therefore respectfully submits that, pursuant to Fed. R. Civ. P. 11(b), before Stradley Ronon is permitted to withdraw as counsel, Stradley Ronon should either (1) withdraw from GWSI's Counterclaims any and all reliance on the second, altered version of the Parties' Agreement; or (2) assuming Stradley Ronon does not have the authority to do so, Stradley Ronon

should instead disavow all work product that relies on or advances the altered version of the Parties' agreement.

**IV.      Stradley Ronon's Obligations under Fed. R. Civ. P. 26 and 37**

40. Rule 26 of the Federal Rules of Civil Procedure establishes that, by signing a discovery disclosure or response, an attorney certifies that after a "reasonable inquiry," the disclosure is "complete and correct as of the time it is made" and that a discovery request or response is not "interposed for any improper purpose." Fed. R. Civ. P. 26(g)(1).

41. The rule also provides that if a certification violates this rule "without substantial justification," the court, on motion or on its own, "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

42. "This mandatory language means there is no requirement that the [parties] have asked for the imposition of sanctions," as district courts have the "duty ... to determine whether to impose sanctions even if the parties had not invited their attention to the issue." *See Food Team Int'l, Ltd. v. Unilink, LLC*, 595 F. App'x 146, 151 (3d Cir. 2014) (internal quotation marks and alterations omitted).

43. Rule 26 further provides that, if a party discovers that a disclosure or discovery response is incomplete or incorrect, the party must supplement that disclosure or response "in a timely manner." Fed. R. Civ. P. 26(e)(1); *see also Simmonds as next of friend to DH v. Evans*, No. 1:22-CV-00051-WAL-EAH, 2023 WL 6880139, at *4 (D.V.I. Oct. 17, 2023). Rule 37 of the Federal Rules of Civil Procedure further permits sanctions on a party for the failure to timely supplement an earlier discovery response. Fed. R. Civ. P. 37(c)(1).

44. Stradley Ronon and GWSI also have a duty to cooperate with counsel for CMPC in discovery. *See Peters v. Virgin Islands Water & Power Auth.*, No. ST-11-CV-219, 2013 WL

12460439, at *6 (V.I. Super. Ct. Oct. 15, 2013) (citing THE CASE FOR COOPERATION, 10 Sedona Conf. J. 339, 340 (2009)).

45. Therefore, in view of these obligations, CMPC respectfully submits that the Court should not permit Stradley Ronon to withdraw as counsel unless and until GWSI has satisfied its outstanding discovery obligations at this time. *See, e.g.*, *Taylor v. Stewart*, 20 F. Supp. 2d 882, 884-85 (E.D. Pa. 1998) (requiring law firm to continue to represent defendant through the end of discovery).

46. Those outstanding discovery obligations include:

A. Informing counsel for CMPC as to the status and findings of Stradley Ronon's investigation into GWSI's apparent spoliation of evidence;

B. Informing counsel for CMPC as to the status and findings of Stradley Ronon's investigation into the nature of the attachment to GWSI's internal January 9, 2024 email discussed in Paragraph No. 5 above;

C. Supplementing certain of GWSI's Interrogatory Responses and GWSI's Responses to certain of CMPC's Requests for Admission, as previously agreed by Stradley Ronon; and

D. Pursuant to Fed. R. Civ. P. 26(e)(1), 26(g)(1) and 37(c), otherwise supplementing GWSI's Initial Disclosures and discovery responses in order to comply with GWSI's and Stradley Ronon's obligations to certify that such disclosures and responses are appropriate under Fed. R. Civ. P. 26.

47. Indeed, were Stradley Ronon permitted to withdraw without satisfying these outstanding discovery obligations, this would further unduly delay the resolution of the most critical issues in this case and only compound the prejudice to CMPC by virtue of that increased delay—all of which courts have recognized to be a proper basis for denying a motion to withdraw as counsel. *See S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13 CIV. 2575 GBD JCF, 2015 WL 2258173, at *4 (S.D.N.Y. May 8, 2015) (collecting cases); *see also Cooper v. Wal-Mart Transp., LLC*, No. CIV.A H-08-0085, 2010 WL 763548, at *1 (S.D. Tex. Mar. 3, 2010).

## CONCLUSION

For all these reasons, CMPC respectfully requests that the Court continue to hold Stradley Ronon's Motion to Withdraw as Counsel in abeyance, subject to Stradley Ronon's compliance with its outstanding professional obligations. CMPC also acknowledges that the Court may have additional information to guide its direction to Stradley Ronon following any *in camera* discussion, as suggested by Stradley Ronon. However, as set forth above, Stradley Ronon's relevant obligations may include:

A. Making corrective disclosures to the Court and taking other remedial measures;

B. Disavowing prior work product;

C. Withdrawing certain litigation positions, especially any reliance on a second, altered version of the contract; and/or

D. Prompt correction and supplementation of disclosures and discovery responses and further cooperation with CMPC's counsel, as well as GWSI's new counsel, to address pending and promised updates as to GWSI's apparent spoliation of evidence.

Respectfully submitted this 13th day of December, 2024.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/Michael J. O'Brien*
Michael J. O'Brien, Esq.
Pa. ID No. 307321
Sarah Boutros, Esq.
Pa. ID No. 328888
Two Liberty Place
50 S. 16th St., 22nd Floor
Philadelphia, PA 19102
Phone: (215) 851-8532
Email: mobrien@eckertseamans.com
           sboutros@eckertseamans.com

**PARKER, HUDSON, RAINER & DOBBS, LLP**

David B. Darden (*admitted pro hac vice*)

Georgia Bar No. 250341
David A. O'Neal (*admitted pro hac vice*)
Georgia Bar No. 342071
Andrew C. Stevens (*admitted pro hac vice*)
Georgia Bar No. 183366
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Phone: (404) 520-5300
Email: ddarden@phrd.com
   doneal@phrd.com
   dstevens@phrd.com

*Counsel for CMPC USA, Inc. and CMPC Forest Products NA LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 6, 2024, a true and correct copy of the foregoing CMPC USA, Inc. and CMPC Forest Products NA LLC'S Response to Stradley Ronon Stevens & Young, LLP'S Motion to Withdraw as Counsel was filed with the Court via the ECF system and served upon all counsel of record for GWSI, Inc., M. Gerace Enterprises, Inc., Kevin Burke, and Michael Gerace through the same system and by email at the addresses listed below.

Mark D. Villanueva, Esq.
Chelsea Biemiller, Esq.
Michael J. Wise, Esq.
Robert J. Norcia, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
mvillanueva@stradley.com
cbiemiller@stradley.com
mwise@stradley.com
rnorcia@stradley.com

Harvey Bartle, IV, Esq.
Mark A. Fiore, Esq.
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103
hbartle@morganlewis.com
mark.fiore@morganlewis.com

By: */s/ Michael J. O'Brien*
    Michael J. O'Brien, Esq.