IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMPC USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GWSI, INC., M. GERACE ENTERPRISES, INC., KEVIN BURKE, in his individual capacity, and MICHAEL GERACE, in his individual capacity, <br><br> Defendants. | Civil Action No. 2:24-cv-02087-MMB |
| GWSI, INC. & M. GERACE ENTERPRISES, INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> CMPC USA, INC., CMPC FOREST PRODUCTS NA LLC, and CMPC CELULOSA S.A., <br><br> Counterclaim and Third-Party Defendants. | |

**JOINT STATUS REPORT**

CMPC USA, Inc. and CMPC Forest Products NA LLC (together, "CMPC"), and GWSI, Inc., M. Gerace Enterprises, Inc., Kevin Burke, and Michael Gerace (together, "GWSI," collectively with CMPC, the "Parties"), by and through their attorneys, hereby submit this Joint Status Report in accordance with the Court's February 12, 2025 Order (Dkt. No. 107).

1. The Parties have not been able to resolve pending motions, and the Parties therefore respectfully request that the Court appoint a Special Master to recommend a ruling on the

following pending motions: CMPC's Motion for Sanctions, or in the Alternative, to Compel (Dkt. No. 65); and GWSI's Motion to Compel (Dkt. No. 66), and to address further discovery. The Parties disagree however as to whether CMPC USA, Inc.'s Partial Motion to Dismiss (Dkt. No. 88) and CMPC Forest Products NA LLC's Motion to Dismiss (Dkt. No. 89) should also be referred to the Special Master, as set forth below.

2.  The Parties further respectfully advise the Court as follows.

**GWSI's Forthcoming Motion For Leave To Amend**

*GWSI's Position*

3.  As the Court suggested at the February 12, 2025 hearing, GWSI intends to file a motion for leave to amend its answer and counterclaims. GWSI believes that its request for leave to amend will moot CMPC USA, Inc.'s Partial Motion to Dismiss (Dkt. No. 88) and CMPC Forest Products NA LLC's Motion to Dismiss (Dkt. No. 89). GWSI respectfully requests until March 21, 2025 to file its motion for leave to amend.

*CMPC's Position*

4.  It is CMPC's position that GWSI's mere intent to file a motion for leave to amend does not moot the two pending motions to dismiss. Because GWSI's motion for leave to amend has not yet been filed, and no specific amendments to counterclaims have yet been proposed, there is no way to evaluate whether and to what extent the expected request to re-plead counterclaims will moot the motions and no filing in the record that even arguably does so.

5.  The pending motions to dismiss should therefore also be referred to the Special Master. Once GWSI files any motion for leave to amend, GWSI would be free to raise questions of mootness and the appropriate handling of the currently pending motions with the Special Master.

**Positions Regarding the Appointment of Mr. Soroko**

*CMPC's Position*

6.      It is CMPC's position that Mr. Soroko is an appropriate choice as Special Master in this case. The GWSI Parties have advised CMPC that they object to Mr. Soroko's appointment.

7.      For the following reasons, CMPC respectfully submits that the Court should proceed with its previously-articulated plan to appoint Mr. Soroko as the Special Master. First, CMPC understands that the Court has ascertained that Mr. Soroko is available to begin immediately. The appointment of Mr. Soroko will therefore ensure that this matter does not suffer any additional delay. Second, it is CMPC's position that the GWSI Parties' objection is not based on any actual or apparent conflict of interest that could potentially impact Mr. Soroko's role as Special Master in this matter, let alone one that would serve to disqualify him under FRCP 53(a)(2) and the applicable standard set forth in 28 U.S.C.A. § 455 ("Disqualification of justice, judge, or magistrate judge").[1]

8.      That said, in the event that the Court decides not to appoint Mr. Soroko, the Parties have agreed that the Honorable Thomas I. Vanaskie (Ret.) is an appropriate alternative selection. CMPC therefore respectfully requests that, if the Court declines to appoint Mr. Soroko, the Court appoint Judge Vanaskie instead.

---

[1] In the malpractice action identified by GWSI (*Vinit Khanna et al. v. Duane Morris LLP,* case no. 230800139, in the First Judicial District of Pennsylvania Court of Common Pleas, Philadelphia County), Duane Morris's position in defense of the malpractice action appears to be the same position advanced by Morgan Lewis in the underlying action against Duane Morris's former client: namely, that the litigants in the underlying action had agreed to an enforceable settlement agreement. It also does not appear that Mr. Soroko was in any way involved in or knowledgeable of any of the issues relevant to the malpractice action. The malpractice action is also presently at the summary judgment stage, and so it is possible that no trial or further testimony will be required.

*GWSI's Position*

9. As stated at the February 12, 2025 hearing, Morgan Lewis believes that there is the potential for a conflict of interest to arise given Morgan Lewis' involvement in a malpractice matter against Duane Morris LLP, pending in the Court of Common Pleas, Philadelphia County. *Khanna, et al. v. Duane Morris LLP*, Civ. Action No. 00139, August Term 2023. Mr. Soroko is a partner at Duane Morris and the former chair of that firm. Further, Morgan Lewis recently learned that Michael D. O'Mara, Stradley Ronon's Managing Partner, was retained by Duane Morris to serve as an expert witness in the *Khanna* matter.

10. GWSI therefore believes the prudent course of action would be to appoint a different special master about whom the Parties have reached agreement, Hon. Thomas I. Vanaskie.

11. In the *Khanna* matter, several Morgan Lewis partners are potential witnesses. As such, GWSI believes that there is the potential that a conflict of interest could arise based upon developments in that matter. To avoid the potential for the development of any actual or potential conflict of interest, GWSI requests that the Court appoint a different special master.

12. Further, as noted above, GWSI recently learned that Stradley Ronon's Managing Partner, Michael O'Mara, was retained to serve as an expert witness for Duane Morris in the *Khanna* matter. Given CMPC's pending Motion for Sanctions and Stradley Ronon's Motion to Withdraw, that creates an even greater potential for a conflict of interest.

13. In an attempt to reach agreement with CMPC on a potential special master, GWSI proposed three candidates: (1) Hon. Freda L. Wolfson, former Chief Judge of the United States District Court for the District of New Jersey; (2) Hon. Thomas Rueter, former Magistrate Judge for the United States District Court for the Eastern District of Pennsylvania, and (3) Hon. John J.

4

Hughes, former Magistrate Judge for the United States District Court for the District of New Jersey. CMPC did not accept any of those proposed candidates.

14. Instead, CMPC proposed Hon. Thomas I. Vanaskie. GWSI is amenable to Judge Vanaskie serving as the Special Master in this matter and consents to his appointment.

**Positions Regarding Stradley Ronon's Forthcoming Disclosure to the Court**

*CMPC's Position*

15. Consistent with its position at the February 12, 2025 hearing, CMPC further respectfully submits that, for the purpose of ensuring that Stradley Ronon has fulfilled any outstanding professional obligations prior to its withdrawal, the Court should also delegate Stradley Ronon's Motion to Withdraw as Counsel for the GWSI Parties (Dkt. No. 83) to the Special Master or defer ruling on that Motion until such time as the Special Master has had an opportunity to review and follow up on Stradley Ronon's forthcoming disclosure to the Court.

16. It also appears that Stradley Ronon's Motion may be directly related to the substance of the pending Motion for Sanctions, or in the Alternative, to Compel. As such, Stradley Ronon's forthcoming disclosure to the Court, and any further corrective action deemed appropriate by the Court, may have a bearing on the resolution of both Motions. Accordingly, CMPC respectfully submits that Stradley Ronon's forthcoming disclosure to the Court should be made available to the Special Master for his or her review in connection with recommending a ruling on CMPC's pending Motion for Sanctions. For the same reasons, CMPC respectfully submits that the Special Master should be in attendance for any subsequent discussion between the Court and Stradley Ronon related to Stradley Ronon's forthcoming disclosure.

5

*GWSI's Position*

17. GWSI does not believe that the Court requested the Parties' views on whether to refer Stradley Ronon's pending Motion to Withdraw to the Special Master. Nonetheless, GWSI addresses it because CMPC did.

18. GWSI objects to CMPC's request to refer Stradley Ronon's Motion to Withdraw to the special master. The Motion to Withdraw can and should be decided by this Court.

19. The Motion to Withdraw is a separate, stand-alone matter from the merits of this action. Stradley Ronon will be filing by March 11, 2025 an ex parte, under seal statement of its reasons for its Motion to Withdraw. GWSI believes that it is appropriate for this Court, and not a Special Master, to resolve the Motion to Withdraw once it has the opportunity to review Stradley Ronon's submission.

20. GWSI further believes that the Court's resolution of the Motion to Withdraw will expedite this matter, as the Special Master will be focused on addressing the other pending motions and discovery. That is true regardless of whether the Motion to Withdraw is "related" to the Motion for Sanctions. Any remedies deemed appropriate by this Court after its ruling on the Motion to Withdraw can still be applied to the remaining motions.

Respectfully submitted this 28th day of February, 2025.

| **ECKERT SEAMANS CHERIN & MELLOTT, LLC** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| */s/* Michael J. O'Brien <br> Michael J. O'Brien, Esq. <br> Pa. ID No. 307321 <br> Sarah Boutros, Esq. <br> Pa. ID No. 328888 <br> Two Liberty Place <br> 50 S. 16th St., 22nd Floor <br> Philadelphia, PA 19102 <br> Phone: (215) 851-8532 | /s/ Harvey Bartle <br> Harvey Bartle <br> Mark Fiore <br> 2222 Market Street <br> Philadelphia, Pennsylvania 19103 <br> Tel: 215.963.5000 <br> harvey.bartle@morganlewis.com <br> mark.fiore@morganlewis.com <br><br> Michael C. Polovich |

6

Email: mobrien@eckertseamans.com
      sboutros@eckertseamans.com

**PARKER, HUDSON, RAINER & DOBBS, LLP**

David B. Darden (*admitted pro hac vice*)
Georgia Bar No. 250341
David A. O'Neal (*admitted pro hac vice*)
Georgia Bar No. 342071
Andrew C. Stevens (*admitted pro hac vice*)
Georgia Bar No. 183366
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Phone: (404) 520-5300
Email: ddarden@phrd.com
      doneal@phrd.com
      dstevens@phrd.com

*Counsel for CMPC USA, Inc. and CMPC Forest Products NA LLC*

One Federal Street
Boston, MA 02110
Tel. 617.341.7700
michael.polovich@morganlewis.com

*Counsel for Defendants Kevin Burke and Michael Gerace and Defendants/Counterclaim Plaintiffs GWSI, Inc. and M. Gerace Enterprise, Inc.*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 28, 2025, a true and correct copy of the foregoing Joint Status Report was filed with the Court via the ECF system and served upon all counsel of record for GWSI, Inc., M. Gerace Enterprises, Inc., Kevin Burke, and Michael Gerace through the same system and by email at the addresses listed below.

Mark D. Villanueva, Esq.
Chelsea Biemiller, Esq.
Michael J. Wise, Esq.
Robert J. Norcia, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
mvillanueva@stradley.com
cbiemiller@stradley.com
mwise@stradley.com
rnorcia@stradley.com

Harvey Bartle, IV, Esq.
Mark A. Fiore, Esq.
Michael C. Polovich, Esq.
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103
hbartle@morganlewis.com
mark.fiore@morganlewis.com
michael.polovich@morganlewis.com

By:   */s/ Michael J. O'Brien*
     Michael J. O'Brien, Esq.