**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CMPC USA, INC., | Civil Action No. 2:24-cv-02087-MMB |
| Plaintiff, | |
| v. | |
| GWSI, INC., M. GERACE ENTERPRISES, INC., KEVIN BURKE, in his individual capacity, and MICHAEL GERACE, in his individual capacity, | |
| Defendants. | |
| GWSI, INC. & M. GERACE ENTERPRISES, INC., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| CMPC CELULOSA S.A. & CMPC USA, INC. | |
| Counterclaim-Defendants. | |

**REPLY IN FURTHER SUPPORT OF THE GWSI PARTIES'
MOTION TO QUASH AND TO STAY**

## **INTRODUCTION**

CMPC's opposition sidesteps the actual issue before the Court. Rather than engage with the defects in its subpoenas, CMPC pivots to a narrative about alleged "fabrication" of the Warehouse Service Agreement—an issue that is not the subject of this motion and does not justify the sweeping third-party discovery it seeks. That detour is telling. The motion to quash turns on the scope, relevance, and burden of the subpoenas themselves, yet CMPC spends little time defending the requests as written—and for good reason. The subpoenas are facially overbroad, seeking "all documents" and "all communications" relating to the GWSI Parties, including loan records, banker communications, and entire files maintained by a non-party employee. CMPC attempts to recast those requests in narrower terms in its brief, but the Court need only look to the requests themselves to appreciate the overreach.

Stripped of rhetoric, this situation is straightforward. CMPC has developed a theory it wishes to prove and now seeks expansive third-party discovery in the hope that something might support it. But discovery is not an open-ended search for corroboration of a litigant's preferred narrative, particularly after the close of fact discovery and on the eve of trial. The rules require relevance, proportionality, and respect for non-party burdens. CMPC's subpoenas satisfy none of those requirements and should be quashed.

## **ARGUMENT**

### I.    **GWSI Parties Have Standing.**

CMPC attempts to short-circuit GWSI Parties' motion by asserting that its subpoenas seek no financial information "of any kind" (*see* ECF No. 230 ("Opp."), 2).  That is just not true, as a cursory review of the subpoenas shows.  Indeed, in the same breath, CMPC admits it seeks "loan records," which are, definitionally, financial records.

-1-

The subpoenas go even further. They seek, among other things, loan-related documents, communications between the GWSI Parties and their bankers, documents concerning the provision of the Warehouse Service Agreement in connection with lending activities, and all physical and electronic files "relating to" the GWSI Parties. *See* ECF No. 199, Exs. 2-3. These requests necessarily encompass sensitive financial and banking information in which GWSI Parties have a personal right.

The cases cited by CMPC do not change the math. *First*, *Green v. Cosby* had nothing to do with banks or financial information, but rather with alleged misconduct in obtaining a deposition transcript. *See Green v. Cosby*, 216 F. Supp. 3d 560, 564 (E.D. Pa. 2016). *Second*, in *Leboon v. Alain Mcilvain Co.*, the parties did *not* assert a personal right or privilege. 2014 WL 11429343, at *1 (E.D. Pa. Mar. 14, 2014).  But the Court did acknowledge that if they had asserted such a right or privilege, it could constitute an exception to the general rule that only parties can quash a subpoena. *Id.* The GWSI Parties argue just that: a personal right that grants standing to quash. CMPC further pontificates about how there is no standing in "conduct" or "employment records,"—but those are not the documents which it seeks and are not relevant here.  The documents CMPC seeks are records of GWSI Parties' dealings with banks. Courts within the Third Circuit have repeatedly held that a party has standing to challenge third-party subpoenas seeking its bank records or financial information.  *See, e.g.*, *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014); *Piazza v. Young*, 2020 WL 6544979, at *2 (M.D. Pa. Nov. 6, 2020); *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, 2009 WL 2753197, at *1 (D. Del. Aug. 28, 2009); *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).  GWSI Parties have standing on these grounds.

**II.     CMPC's Arguments are Unavailing and the Subpoenas should be Quashed.**

        **A.     CMPC Mischaracterizes its own Subpoenas.**

CMPC's opposition depends on recasting its subpoenas as "narrow." They are not. The Court need only read the requests themselves. For example, one request seeks "[a]ll documents constituting or reflecting the contents of any physical or electric files or folders maintained by or for Your employee, Christopher Bickel, that refer to or relate to Michael Gerace, GWSI, MGE, or CMPC." (*See* ECF No. 199, Exs. 2 and 3, Topic 6).  The other requests are similarly sweeping in wholesale demanding entire troves of documents and communications.  CMPC's ex post facto narrowing of the requests does not remedy its deficient subpoenas.  The mismatch between CMPC's characterization and the plain text of its subpoenas only underscores their overbreadth.

        **B.     The Subpoenas seek Irrelevant and Sensitive Information.**

The factual disputes in this case revolve around what agreement governed the relationship between the parties, if any. It is not about banking relationships, loan underwriting files, or internal bank policies—all of which CMPC's subpoenas seek.

CMPC's theory—that further discovery into bank records will somehow resolve its concerns about the WSA—rests entirely on speculation. Discovery is not a license to search third-party files in the hope that something useful might turn up; nor a mechanism to demand more because it's dissatisfied with the evidence produced by the parties.

The overreach is particularly problematic because the subpoenas target sensitive financial information. CMPC attempts to minimize this by arguing it does not seek "account balances" or "transaction records." But the subpoenas contain no such limitation. As written, requests for "all documents" and "all communications" relating to the GWSI Parties would encompass such materials.

### C.    The Subpoenas are Disproportionate and Unduly Burdensome.

Contrary to CMPC's dogged assertions, the requests in the subpoenas are simply not narrow. The requests demand "all documents" and "all communications," contain no custodial limits, and lack a limiting timeframe.  CMPC seeks such information on all dealings the GWSI Parties had with those banks and their employee, Mr. Bickel.  This is beyond the scope.  Rule 45 requires a special sensitivity to the burden on non-parties. The banks would need to search entire email systems, sift through loan documents of a former employee from several years ago, and produce full internal policies.

Furthermore, GWSI already produced the relevant agreements and did so promptly upon learning of their existence. There is nothing strange about the fact that Bickel maintains records in his home office. The pages were not "loose" like CMPC contends, but were contained in an old folder that Mr. Bickel was able to locate. There is nothing untoward about the fact that Mr. Bickel produced these records. Requiring non-parties to undertake expansive searches at this stage is neither proportional nor justified.

### D.    CMPC Fails to Establish Relevance or Need.

CMPC bears the burden to demonstrate that the documents it seeks are relevant under Rule 26(b)(1). It fails to do so. Instead, CMPC's argument rests on a chain of assumptions: because it disputes the authenticity of one version of the WSA, additional documents must exist; because those documents might exist, broad discovery into third-party bank records is warranted. That reasoning is speculative at every step. Rule 26 does not permit discovery based on conjecture. CMPC identifies no concrete basis to believe that the banks possess additional relevant documents, nor does it explain why existing discovery (combined with deposition testimony) is insufficient. Absent such a showing, the subpoenas cannot stand.

**E.      The Balancing Test Favors Quashing.**

On balance, the subpoenas should be quashed because they are overly broad, seek irrelevant information, and contain confidential financial records. CMPC does not meet its burden to establish how these documents are "reasonably calculated" to lead to discoverable information. CMPC will have the opportunity that it desires to "test" this evidence at deposition.

<u>**CONCLUSION**</u>

For the forgoing reasons, GWSI Parties respectfully request that the Court quash the subpoenas to Centric Bank and Customers Bank and, in the meantime, stay compliance until resolution on this motion.

Dated: April 20, 2026                                      Respectfully submitted,

*/s/ Harvey Bartle*
Harvey Bartle IV (PA ID 91566)
Mark Fiore (PA ID 309907)
Maria Cosma (PA ID 334172)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
harvey.bartle@morganlewis.com
mark.fiore@morganlewis.com
maria.cosma@morganlewis.com

Michael C. Polovich (PA ID 325334)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Tel. 617.341.7700
michael.polovich@morganlewis.com

*Counsel for Defendants Kevin Burke and*
*Michael Gerace and Defendants/Counterclaim*
*Plaintiffs GWSI, Inc. and M. Gerace Enterprise,*
*Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, a true and correct copy of the foregoing was filed

via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Harvey Bartle*
Harvey Bartle
