**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CMPC USA, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>GWSI, INC., M. GERACE<br>ENTERPRISES, INC., KEVIN BURKE,<br>in his individual capacity, and<br>MICHAEL GERACE, in his individual<br>capacity,<br><br>                    Defendants.<br><br><br>GWSI, INC. & M. GERACE<br>ENTERPRISES, INC.,<br><br><br>                    Counterclaim-Plaintiffs,<br><br>          v.<br><br>CMPC CELULOSA S.A. & CMPC USA,<br>INC.<br><br>                    Counterclaim-Defendants. | Civil Action No. 2:24-cv-02087-MMB |

**REPLY IN FURTHER SUPPORT OF THE GWSI PARTIES'
MOTION TO LIMIT DEPOSITIONS OF COMBINED INDIVIDUAL
AND RULE 30(B)(6) DEPONENTS TO EIGHT HOURS**

The GWSI Parties moved to limit the "combined" depositions of Rule 30(b)(6) witnesses who the other side also has noticed in their individual capacities to 8 hours (Dkt. 222) (the "Motion"). These individuals are Constanza Arjona, Raimundo Varela, and Alejandra Pavon for the CMPC Parties, and Mr. Gerace, Mr. Burke, and Mr. Sinatra for the GWSI Parties. *Id.* at 2. In response, the CMPC Parties attempt to have their cake and eat it too. They say the Motion is moot because they agreed to an 8-hour limit, and in the same breath, "cannot consent to an absolute cap," seek "some degree of flexibility," and note that they are entitled to depose the GWSI Parties'

-1-

witnesses for *21 hours* under the Federal Rules.  Dkt. 235 at 3.  Likewise, in correspondence with the GWSI Parties, the CMPC Parties have stated that they "reserve [their] right to keep any deposition open for the full amount of time allowed by the Federal Rules" and that they "cannot agree to a strict 8-hour cap with no recourse."  *See* Ex. 1 at 2, 5.

The GWSI Parties do not agree.  Combined depositions should be limited to 8 hours, period.  Given the significant overlap between the Rule 30(b)(6) topics noticed and the deponents' individual knowledge, there is no reason for these individuals to sit for more than a business day.  Indeed, the GWSI Parties deposed Ms. Arjona for approximately 7 hours on Thursday, April 16, 2026, and they deposed Mr. Varela for less than 5 hours on Friday, April 17, 2026.  The only possible reason why the CMPC Parties seek the "flexibility" of extending depositions for *up to 21 hours* is to harass the deponents.

Moreover, the CMPC Parties' cries of "obstruction" are unfounded and, frankly, baffling.  *See* Dkt. 235 at 4.  The GWSI Parties have accommodated scheduling requests for the CMPC Parties' witnesses, and have even moved up the depositions of the GWSI Parties' witnesses and agreed to take depositions remotely to accommodate the CMPC Parties' witnesses.  *See* Ex. 2 (correspondence from counsel for GWSI Parties on April 9, 2026, noting that GWSI Parties agreed (1) to accommodate last-minute scheduling request from CMPC's witness, Alejandra Pavon, (2) to move up deposition of GWSI Parties' witness, Phil Sinatra, and (3) to depose CMPC's purported expert, Zal Phiroz, virtually "to avoid the significant burden and expense of him flying here from South Africa.").  Astonishingly, CMPC claims that GWSI would not move up the depositions of Mr. Gerace and Mr. Burke to accommodate CMPC, but those depositions are proceeding *on the days that the CMPC Parties noticed their depositions*.  It is CMPC that is trying to backload every deposition into the last week.

In contrast, CMPC challenged deposing Mr. Sinatra remotely even though Mr. Sinatra has a note from his physician requiring it.  CMPC questioned the authenticity of the note, threatened to question Mr. Sinatra about personal health conditions entirely irrelevant to this case, and even threatened to argue his health conditions to the jury.  *See* Ex. 3.  CMPC also tried to bully a non-party witness, Christopher Bickel, with threats of having to pay attorney fees because his retained counsel, Walter Weir, Jr., was unavailable the day CMPC wanted to take Mr. Bickel's deposition.  Ex. 4 at 2-3.  CMPC also has taken the untenable position that it can notice as many depositions as it wants above Rule 30's 10-deposition limit, so long as it only "takes" 10.  Dkt. 222-4.  That, frankly, is ridiculous.  Noticing a deposition is not a perfunctory exercise.  It requires witnesses (and counsel) to alter schedules, miss work, and expend time preparing.  *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").  In sum, CMPC's conduct regarding deposition scheduling, including trying to backload almost all of the depositions to the final week, is even more of a reason to limit combined depositions to 8 hours (and to hold them to 10 depositions).

The Motion should be granted.

-4-

Dated: April 20, 2026

Respectfully submitted,

*/s/ Harvey Bartle IV*
Harvey Bartle IV (PA ID 91566)
Mark Fiore (PA ID 309907)
Maria Cosma (PA ID 334172)
MORGAN, LEWIS & BOCKIUS, LLP
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
harvey.bartle@morganlewis.com
mark.fiore@morganlewis.com
maria.cosma@morganlewis.com

Michael C. Polovich (PA ID 325334)
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110
Tel. 617.341.7700
michael.polovich@morganlewis.com

*Counsel for Defendants Kevin Burke and
Michael Gerace and Defendants/Counterclaim
Plaintiffs GWSI, Inc. and M. Gerace
Enterprises, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, a true and correct copy of the foregoing was filed via the Court's CM/ECF system for electronic service on all counsel of record.

<u>*/s/ Harvey Bartle IV*</u>
Harvey Bartle IV