**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CMPC USA, INC.,** <br><br> *Plaintiff,* <br><br> v. <br><br> **GWSI, INC., M. GERACE ENTERPRISES, INC., KEVIN BURKE, in his individual capacity, and MICHAEL GERACE, in his individual capacity,** <br><br> *Defendants.* | **CIVIL ACTION** <br><br> **NO. 24-2087** |
| **GWSI, INC. and M. GERACE ENTERPRISES, INC.,** <br><br> *Counterclaim-Plaintiffs,* <br><br> v. <br><br> **CMPC USA, INC., CMPC FOREST PRODUCTS NA, LLC, AND CMPC CELULOSA S.A.,** <br><br> *Counterclaim-Defendants* | |

**MEMORANDUM ON MOTION TO ADD A RICO COUNT – REQUESTING RECONSDIERATION OF THE COURT'S PRIOR ORDER DENYING LEAVE TO AMEND (ECF 198)**

**Baylson, J.**                                                                                   **April 21, 2026**

As noted in the briefs of the parties, the Third Circuit has frequently held that amendment of a Complaint is within the discretion of the district court. The parties are correct that the Court's initial Order did not go into detail about the Court's reasons to deny the Motion to Amend. Some of these follow and are personal in nature.

First, Plaintiffs have not advanced a compelling case that the "kmb document," which was found by a third-party banker and disclosed at the end of discovery, changed the facts of the case in such a way that it became possible to bring RICO charges where such a possibility was too remote before.  The Plaintiffs acknowledge that the facts are so unchanged that they argue the addition of RICO claims would not impact the remaining trial deadlines.  Though I disagree with the idea that the schedule would not be delayed, it is clear Plaintiffs had the ability to bring RICO claims earlier without this document.

Serving as United States Attorney in this district for over four (4) years, I had frequent occasions to consider whether a defendant in a criminal case should be charged with RICO violations.  The assistant U.S. Attorneys were sometimes eager, but not always persuasive, about bringing a RICO charge against a particular defendant or groups of defendants.  Among the factors that I considered were the possible delay in initiating criminal prosecution to include RICO, which sometimes required DOJ headquarters approval, the fact that in most RICO cases, in order to prove the fundamental element of an "enterprise," trials take longer, and thus it becomes harder to find jurors willing to sit longer than the usual amount of time, the complications of the RICO statute sometimes make it difficult for a jury to achieve unanimity and, thus, there is a substantial risk of a mistrial.  All of these factors apply in this civil case.

Upon my return to private practice, I had substantial experience in representing plaintiffs in the multi-district litigation entitled "Honda Dealership Relations," in which I was a member of the plaintiffs executive committee.  I have previously noted that this is the first time that an MDL had been approved for a RICO claim, which we felt was appropriate under all of the circumstances.  There was a large amount of time spent in assembling the facts and legal support for our allegations that the Honda organization constituted an "enterprise."  This case was

pending before Judge Motz of the District of Delaware, who was also later a member of the MDL panel.

In this case, I recognize but reject without repeating, the arguments made by the Plaintiffs in support of their request for amendment.  None of Plaintiffs' arguments have demonstrated clear error in my prior finding that amending the Complaint at this late stage would cause undue prejudice.  Plaintiffs have waited too long to make the request for amending their Complaint, basically after the conclusion of discovery, and the amendment would complicate the trial so that it may be difficult to conclude it in the time I have set forth on my calendar.  I believe that the overall reality and beneficial factors of promptly concluding this very contentious case weigh in favor of proceeding as it was originally filed without additional RICO claims.

I also deny Plaintiff's request because after review of the many pretrial motions recently filed on the docket, and the responsive briefs, it appears to me that the principal factual issue in this case is what document constitutes a "Warehouse Services Agreement" between the parties. This itself is not a RICO issue, but rather a breach of contract claim.  The fact that Plaintiff contends that the overall evidence may warrant a finding that there was a "racketeering" aspect is not determinative or controlling as to whether there should be an amended complaint at this time in this case.

I note that as the parties disclosed, a former chief judge of this Court has been retained by the parties as a mediator, but so far the case has not been settled.  I believe that the prospects of adding a RICO claim at this time would deter, rather than enhance, a settlement.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-2087 CMPC USA v GWSI\24cv2087 memorandum on motion to add RICO count.docx