IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMPC USA, INC., <br><br><div align="right">*Plaintiff,*</div><br> v. <br><br>GWSI, INC., M. GERACE ENTERPRISES, INC., KEVIN BURKE, in his individual capacity, and MICHAEL GERACE, in his individual capacity, <br><br><div align="right">*Defendants.*</div> | CIVIL ACTION <br><br> NO. 24-2087 |
| GWSI, INC. and M. GERACE ENTERPRISES, INC., <br><br><div align="right">*Counterclaim-Plaintiffs,*</div><br> v. <br><br>CMPC USA, INC., CMPC FOREST PRODUCTS NA, LLC, AND CMPC CELULOSA S.A., <br><br><div align="right">*Counterclaim-Defendants*</div> | |

**ORDER RE: OPEN PRETRIAL MOTIONS (ECF Nos. 200, 218, 222, 223, 224, 229)**

AND NOW this 23rd day of April 2026, after a review of briefing related to several pretrial motions filed by both parties, including the Motion to Compel by CMPC (ECF 200, 238, 250), Motion for Leave to Disclose an Additional Expert Witness by CMPC (ECF 218, 240, 251), Motion to Limit Deposition Duration by GWSI (ECF 222, 235, 247), Motion to Quash by GWSI (ECF 223, 237, 243), Motion for Protective Order by GWSI (ECF 224, 236, 249), and

Motion to Quash by non-party Stradley Ronon Stevens & Young (ECF 229, 252), and pursuant to the conclusions outlined in the accompanying memorandum, the Court ORDERS as follows:

1.    The Motion to Compel by CMPC (ECF 218) is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to the Google Records and within eight (8) days of this Order (by May 1, 2026) Defendants shall collect and produce all Google Workspace activity logs, version histories, and audit logs for the documents identified in CMPC's Motion as the "January 2024 Documents."

2.    The Motion (ECF 218) is **GRANTED** as to forensic imaging of all devices and systems on which copies of the February 9, 2021 email exchange may have been stored. Within eight (8) days of this Order (by May 1, 2026), Defendants shall make available for forensic imaging by CMPC all relevant devices, including devices of Michael Gerace, Kevin Burke, and Philip Sinatra, for the purpose of determining whether the February 9, 2021 Email Exchange evidence can be recovered.

3.    The Motion (ECF 218) is **DENIED** without prejudice as to the printer and scanner data, the calendar entries, and the supplemental discovery responses. However, Plaintiff shall have leave to conduct 30(b)(6) depositions of defendants or representative of defendants responsible for collecting such discovery should Plaintiff wish to develop a factual record about whether that discovery exists and was purposefully withheld.

4.    The Motion for Leave to Disclose an Additional Expert Witness by CMPC (ECF 218) is **GRANTED**.

5.    Motion to Limit Deposition Duration by GWSI (ECF 222) is **GRANTED**.

6.    The Motion for Protective Order by GWSI (ECF 224) is **DENIED** as MOOT.

2

7.    The Motion to Quash by GWSI (ECF 223) and the Motion to Quash by non-party Stradley Ronon Stevens & Young (ECF 229) are **DENIED** without prejudice.

8.    The Court has reviewed the letter signed by Kevin Boyle, Esquire, who identifies himself as Chairman of the Stradley firm, and which consists of 22 pages with 89 separate paragraphs. The Court finds this letter is now appropriate for production to CMPC. However, prior to production, Defendant may redact those paragraphs or portions of paragraphs which contain specific communications between the Stradley firm and its clients. As one example, paragraphs 43 and 44 may be redacted except for the last sentence of each paragraph.

9.    The Court notes that the letter is, in significant part, repeating contentions made by Defendant in this litigation, which are not attorney-client communications. Also, contents of the letter discuss the decision of Defendant to retain a consultant named MCS Group as an e-discovery consultant on these issues, which is not subject to redaction.

10.    Defendant shall file a copy of this document showing the intended redactions by 4:00 p.m. on April 27, 2026. The Court will review the document with the redactions and enter an Order as to its prompt production to the Plaintiff, allowing all or some of the proposed redactions.

11.    The Court ORDERS counsel to meet and confer as soon as possible as to what should take place, and when, as required or allowed in this Order in terms of pretrial proceedings and file, by Thursday April 30, 2026, either a stipulation, or a joint status report with specific dates for specific events, or if necessary, individual status reports and requests, limited to five (5) pages from each party.

12.    The Court will then have a recorded teleconference with counsel on Monday, May 4, 2026, at 10:00 a.m., limited to the issues underlying the Orders entered as a result of the

3

Court's decisions on the recently filed pretrial motions (ECF 199 to 229). Counsel for Plaintiff will initiate this telephone conference and when all counsel are on the line, will join Chambers on to the call (Chambers ph: 267-299-7520).

13.     These discussions will not entertain any proposal that the trial date be postponed.

14.     Plaintiff also asserts that the crime/fraud exception to the attorney-client privilege as asserted by Defendant may apply in this case. No ruling on this issue is made at this time, but it remains for possible consideration after the parties have completed any additional discovery warranted by this Order, and may be considered during the telephone conference on May 4, 2026.

15.     The Court notes that in the event that some additional attorney work is required under any supplemental scheduling order, that the Plaintiff is being represented by ten (10) individual attorneys, in three different major law firms, and that Defendant is being represented by five (5) individual attorneys in two offices of one major law firm. Thus, both parties have sufficient legal representation to proceed promptly with any additional discovery warranted or required by this Order.

**BY THE COURT:**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-2087 CMPC USA v GWSI\24cv2087 order re stradley option to delete ac comm.docx

4