## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMPC USA, INC., | Civil Action No. 2:24-cv-02087-MMB |
| Plaintiff, | |
| v. | |
| GWSI, INC., M. GERACE ENTERPRISES, INC., KEVIN BURKE, in his individual capacity, and MICHAEL GERACE, in his individual capacity, | |
| Defendants. | |
| GWSI, INC. & M. GERACE ENTERPRISES, INC., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| CMPC CELULOSA S.A. & CMPC USA, INC. | |
| Counterclaim-Defendants. | |

## THE GWSI PARTIES' OPPOSITION TO CMPC'S
## MOTIONS FOR LEAVE TO DEPOSE LARRY JONES AND MATTHEW DELUCA

**INTRODUCTION**

CMPC seeks leave to depose two additional witnesses, Matt DeLuca and Larry Jones, both in excess of the presumptive 10-deposition limit. *See* Dkts. 265 and 266. These motions should be denied. Both motions are brought based on a false premise. CMPC claims that information learned during the week of April 27 – April 30 provides good cause to exceed the 10-deposition limit and depose these two additional individuals. But not so.

CMPC has known about Matt DeLuca since the outset of this lawsuit. Indeed, Mr. DeLuca has been ***listed on CMPC's own initial disclosures*** since the start of litigation, and CMPC previously noticed his deposition before withdrawing it to stay within the 10-deposition limit. The only "new" information concerning Mr. DeLuca is from a partially unredacted declaration from prior counsel Stradley Ronon, dated March 2025. This attorney declaration filed in connection with a motion for leave to withdraw does not constitute new information to the substantive issues in this litigation. CMPC has known about and flirted with deposing Mr. DeLuca prior to this, and now wants to use this as an excuse to exceed its 10-deposition limit.

And Larry Jones is also not a newly discovered individual. GWSI has produced thousands of e-mails involving Mr. Jones, and CMPC has had many of these dating back to 2024. Mr. Jones's involvement with drafts of some of the contracts is also a fact that would have been known to CMPC employees even before this lawsuit ever started. Thus, it is reasonable to assume that either CMPC's own witnesses would have told their outside counsel about Mr. Jones, or, if they didn't mention him to outside counsel, it is because they viewed his role as not being of important enough to mention. Either way, CMPC knew or should have known about Mr. Jones for years. Finally, Mr. Jones left GWSI in July 2022.[1] CMPC already deposed Rule 30(b)(6) representatives of GWSI

---

[1] The GWSI Parties have not had any contact with Mr. Jones since he left the company.

and MGE regarding the contracting, drafts, and negotiations, so adding a long-retired fact witness who does not speak for the company does not add materially new or different testimony to the record.

At bottom, CMPC's motions should be denied.

## BACKGROUND

**Matt DeLuca:** Since June 2024, Mr. DeLuca has been included on CMPC's own initial disclosures in this litigation and also on GWSI's initial disclosures.   CMPC also, in March 2026, already noticed Mr. DeLuca's deposition to occur in April.   Then, when CMPC exceeded their limit of 10 depositions and had to make a choice about which depositions to cut, they chose to withdraw the notice of Mr. DeLuca.  Despite all of this, CMPC filed a motion (dkt. 266) for leave to exceed 10 depositions and to depose Mr. DeLuca.  CMPC's "hook" for seeking leave at this late stage of litigation was based on the recent publication of a redacted version of a March 2025 declaration (the "Declaration") from Kevin Boyle of Stradley Ronon Stevens & Young, LLP ("Stradley").  The Declaration was originally prepared on March 11, 2025, and was submitted to the Court *in camera* in response to an order regarding Stradley's reasons for moving to withdraw as counsel.  Then, in April 2026, the Court ordered that a partially redacted version of the Declaration be produced to CMPC.

CMPC immediately made a mountain out of a mole hill.  CMPC seizes upon two lone paragraphs in the Declaration, which state that Mr. DeLuca "was available later in the day to discuss his recollection of the February 2021 meeting in Charleston," and that in November 2024, Stradley spoke with Mr. DeLuca.  According to CMPC, this disclosed "for the first time" that Mr. DeLuca attended the purported February 2021 Charleston, South Carolina meeting between Michael Gerace and Joaquin Rojas, where the operative WSA was signed.  *See* Dkt. 266 at 2. These statements were made by prior counsel in an *in camera* submission to this Court in support

2

of withdrawing from the litigation.  These statements, over a year old and not made in furtherance of a substantive argument in this case, do not provide a basis for an additional deposition of a long-known witness.

**Larry Jones:** Mr. Jones retired and stopped working for GWSI and MGE back in 2022. Since then, the GWSI Parties have not been in contact with Mr. Jones, and his current location is entirely unknown.  Since the outset of this litigation, GWSI has produced thousands of e-mails in which Mr. Jones is a participant.  Moreover, CMPC still employs people who were also involved in those same negotiations, and thus CMPC's own witnesses could have informed outside counsel about Mr. Jones years ago.  On April 28, 2026, CMPC deposed Kevin Burke, a defendant in this case.  During his deposition, Mr. Burke testified that "Larry [Jones] and Michael [Gerace] handled most of the actual negotiation" between CMPC and GWSI or MGE and that "[u]ltimately it was Mike and Larry who did the negotiations" leading to the Warehouse Services Agreement.  *See* Dkt. 265 at 2.  Based on this representation, CMPC moved for leave to depose Mr. Jones, arguing that Mr. Jones' testimony is "essential to a central factual dispute in this litigation."  (Dkt. 265).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party seeking an excess of 10 depositions must seek, and be granted, leave of court.  Fed. R. Civ. P. 30(a)(2)(A)(i).  This limit is presumptive and "a party seeking more than ten depositions must overcome this presumptive limit by demonstrating that the additional depositions are reasonable and necessary."  *Blueprint Cap. Advisors, LLC v. Murphy*, No. 20-7663, 2025 WL 2388403, at *3 (D.N.J. Aug. 18, 2025) (quoting *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519, 2006 WL 6487632, at *3 (D.N.J. Aug. 22, 2006)).  The party seeking additional depositions must overcome this presumption by demonstrating that the excess depositions are "reasonable and necessary."  *Id.*  The requirement to

3

seek leave in excess of 10 depositions "enable[s] the court to keep tighter rein on the extent of discovery." *Alaska*, 2006 WL 6487632, at *4.

The moving party has the burden to meet the following factors: (1) exhaustion, (2) specificity, and (3) particularized showing of need. *Id.* at *3. The last factor, particularized showing of need, requires the moving party to "go beyond general assertions regarding the potential relevance of the proposed deponents' testimony to demonstrate that the probable testimony of each proposed deponent is essential to the moving party's case." *Id.* The particularized showing must also not be "cumulative or duplicative of other testimony." *Id.*

## **ARGUMENT**

CMPC's Motion for Leave to depose Matthew Deluca and Larry Jones should be denied. CMPC has known about both of them all along and could have and chose not to include either individual in their 10-deposition limit. Moreover, as a practical matter, at this late stage of the game allowing additional depositions would further stall discovery and deter judicial efficiency.

***First***, CMPC's motion for leave to depose Mr. DeLuca should be denied. It is undisputed that CMPC has known about Mr. DeLuca throughout this lawsuit. Mr. DeLuca has been listed on ***CMPC's own initial disclosures since June 2024***, and CMPC previously noticed his deposition before withdrawing it to stay within the 10-deposition limit. Discovery necessarily involves choices, and CMPC already made its choice regarding whether or not to depose Mr. DeLuca—and they chose not to depose him.

Given all of this (which CMPC omits from its motion), CMPC tries to hang its request on supposedly new and crucial information. CMPC focuses on a few sentences from the March 2025 Stradley Declaration. Importantly, that Declaration is not substantive case evidence. It was originally filed *in camera* as part of Stradley's motion to withdraw. And going forward, it plainly would be inadmissible at trial by either party. Thus, the contents of that declaration do not provide

4

a good basis to exceed the 10-deposition limit and explore something stated in the Stradley Declaration. The Stradley Declaration would not, even on its own, provide good cause for excess depositions. And here, it's even less compelling since CMPC has known about Mr. DeLuca all along, included him on their own disclosures, and even previously considered taking his deposition. This inadmissible Declaration does not provide good cause. The motion (dkt. 266) should be denied.

*Second*, CMPC's motion to depose Mr. Jones also should be denied. As with Mr. DeLuca, CMPC would have this Court believe that they recently discovered Mr. Jones's involvement in the negotiations between CMPC and GWSI related to the WSA and TSA. But that is not new news. Mr. Jones' involvement in the contract negotiations was well known to CMPC since the beginning. CMPC's own employees and witnesses in this case were also some of the same people who were themselves part of the contract negotiation process. Those witnesses—all under CMPC's control—knew and likely informed their litigation counsel about Mr. Jones's involvement. Or, if they didn't internally identify him as someone they remembered as being important, that too would speak volumes to the perceived importance, or lack thereof, of his role.

Additionally, and setting aside whatever counsel could have learned from CMPC directly, Mr. Jones's involvement has been made clear throughout discovery, stretching back to 2024. There are almost *10,000* emails and documents produced by both CMPC and GWSI that are to or from Mr. Jones, including numerous emails during the parties' negotiations in 2020 and 2021. *See, e.g.*, CMPC_0000070253, CMPC_0000002193, GWSI0467060, GWSI0294013, GWSI0463169, GWSI0365809, GWSI0347101, GWSI0347070. Thus, CMPC cannot credibly claim to have only just learned about Mr. Jones's involvement with the contracting process, when CMPC itself has produced emails reflecting the same (and so has GWSI). Thus, once again, CMPC has known about his involvement all along, and has certainly had the discovery materials to know about his

involvement.  There is nothing "new" that happened last week that should give way to excess depositions or depositions after the Court's April 30 deadline to complete fact and expert depositions.

Finally, there are two additional practical considerations here.  CMPC already deposed Rule 30(b)(6) corporate representatives of GWSI and MGE, which included testimony on a number of topics concerning the drafting, drafts, negotiations, and contracting process between the parties.  So, while Mr. Jones—who retired in 2022—*might* have some additional personal testimony on these topics, the topics have already been fully explored with multiple individual witnesses and through formal corporate testimony on the topics.

***Third***, CMPC brings up newly disclosed expert Jeffrey Luber in stating GWSI exceeded the 10-deposition limit, and that GWSI refused to offer CMPC a reciprocal additional deposition. That is a gross mischaracterization of the record.  In its Motion for Leave to Disclose Jeffrey Luber, CMPC argued in part that GWSI would suffer no prejudice because it would have ample time to depose Mr. Luber.[2] *See* Dkt. 218 at 8; Dkt. 251 at 3-4.  On that basis and on those assurances, the Court granted CMPC's motion.  Dkt. 258. It is simply disingenuous to turn around and claim that they are now entitled to notice additional—entirely unrelated—depositions. That is not how it works.  CMPC would, of course, be entitled to an 11th deposition of a GWSI expert designated in rebuttal to Mr. Luber.  But that is not what CMPC is seeking here.  So, the deposition of Mr. Luber is irrelevant to these motions.

---

[2] This is yet another misrepresentation by CMPC.  On the *morning of* Mr. Luber's April 30 deposition, CMPC served a supplemental report of Mr. Luber's, which is the subject of another motion in limine by the GWSI Parties.  But plainly, such conduct (which was inconsistent with the timing CMPC stated to the Court for when it would produce his report) did not provide GWSI with ample time to prepare for his deposition.

**CONCLUSION**

For these reasons, the GWSI Parties respectfully request that the Court deny CMPC's

motions for leave to depose additional witnesses (Dkts. 265 and 266).

Dated: May 3, 2026                                       Respectfully submitted,

                                                        */s/ Harvey Bartle*
                                                        Harvey Bartle (PA ID 91566)
                                                        Mark Fiore (PA ID 309907)
                                                        Maria Cosma (PA ID 334172)
                                                        MORGAN, LEWIS & BOCKIUS LLP
                                                        2222 Market Street
                                                        Philadelphia, PA 19103
                                                        Tel: 215.963.5000
                                                        harvey.bartle@morganlewis.com
                                                        mark.fiore@morganlewis.com
                                                        maria.cosma@morganlewis.com

                                                        Michael C. Polovich (PA ID 325334)
                                                        MORGAN, LEWIS & BOCKIUS LLP
                                                        One Federal Street
                                                        Boston, MA 02110
                                                        Tel. 617.341.7700
                                                        michael.polovich@morganlewis.com

                                                        *Counsel for Defendants Kevin Burke and Michael*
                                                        *Gerace and Defendants/Counterclaim Plaintiffs*
                                                        *GWSI, Inc. and M. Gerace Enterprise, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2026, a true and correct copy of the foregoing was filed via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Harvey Bartle*

Harvey Bartle