**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CMPC USA, INC. | : | |
| | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | **NO. 24-2087** |
| v. | : | |
| | : | |
| GWSI, INC., *et al.* | : | |
| | : | |
| *Defendants.* | : | |

**JOSEPH R. MEHL'S MOTION TO QUASH A SUBPOENA**

Movant, Joseph R. Mehl, pursuant to Federal Rule of Civil Procedure 45(d), by and

through counsel, hereby files this Motion to Quash the subpoena that was served on him on

Saturday, May 23, 2026. In support of this Motion, Movant incorporates the attached

Memorandum of Law.

Respectfully submitted,

*/s/ Peter Erdely*
Peter G. Erdely (PA ID 79993)
**Ahmad Zaffarese LLC**
1 S. Broad Street, Suite 1910
Philadelphia, PA 19107
perdely@azlawllc.com
215-496-9373

*Counsel for Non-Party Subpoena Recipient,*
*Joseph R. Mehl*

Dated: May 29, 2026

## MEMORANDUM OF LAW IN SUPPORT OF
## JOSEPH R. MEHL'S MOTION TO QUASH A SUBPOENA

**I.      BACKGROUND**

At approximately 12:15 P.M., on Saturday, May 23, 2026, a <u>Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action</u> (the "Subpoena") directed to Joseph R. Mehl ("Mehl") was served at his home in Malvern, Pennsylvania. A true and correct copy of the Subpoena is attached hereto as "Exhibit 1." Mr. Mehl was not at home at the time. Service was made upon his wife.

Monday, May 25, was the Memorial Day Federal Holiday. The date, time and location for compliance indicated on the Subpoena is Wednesday, May 27, 2026, at 9:00 A.M. at the Office of Michael J. O'Brien, Esquire, 50 S. 16th Steet, 22nd Floor, Philadelphia, PA. *Subpoena*, Exhibit 1.

The Subpoena seeks to compel production of the following devices for inspection: "All Devices used to Communicate concerning the February 9, 2021, email, its deletion and the circumstances surrounding that deletion, including  . . . your cellphones, computers, and Google Workspace account, . . . file servers, backup servers. . .." Exhibit A Attachment to Subpoena, p. 9, *Subpoena*, Exhibit 1. The Subpoena defines "Device" to include phone, smart watches, laptop computers, desktop computers, and other portable electronic communication devices." *Id.,* p. 6. Simply put, the Subpoena seeks production not of a February 9, 2021, email; but instead the physical devices themselves "likely to contain evidence of the February 9, 2021, email exchange." *Id.,* p. 9.

On Tuesday, May 26, 2026, at 12:30 P.M. (the first business day after the Holiday and less than 24 hours before the Subponea's compliance date and time ), counsel for CMPC USA, Inc. ("CMPC"), William Locke, Esquire, emailed Mehl. A true and correct copy of that

email ("the Email") is attached hereto as "Exhibit 2." The unlimited breadth, undue burden and unnerving privacy invasion of the Subpoena is reinforced and illuminated by the Email. The Email states:

> [The] Subpoena . . . requires the production of your **cellphones, computers, Google Workspace accounts, and related storage media** for inspection by an independent forensic vendor. . . . Production is **commanded** for <u>tomorrow</u> (May 27, 2026) at the offices of Eckert Seamans Cherin & Mellott, LLC, Two Liberty Place, 50 S. 16th St., 22nd Floor, Philadelphia, Pennsylvania. . . . **The imaging** will be conducted by a . . . forensic vendor . . ..

*Email*, Exhibit 2 (emphasis added). In plain English, CMPC is commanding Mehl to hand over all of his electronic devices for imaging, i.e., cloning or copying of all data in its entirety, to a forensic vendor unknown to Mehl.[1]

That same day Mehl retained the undersigned counsel, who reached out to CMPC counsel. Counsel conferred via Zoom and agreed to an extension of time until 5:00 P.M. on Friday, May 29, to respond to the Subpoena. This Motion to Quash follows.

## II.    ARGUMENT

1.    <u>The Subpoena fails to allow reasonable time to comply.</u>

Rule 45(d)(3) mandates quashing the subpoena under these circumstances. "*When Required*. On timely motion, the court . . . must quash or modify subpoena that: (i) fails to allow a reasonable time to comply ; . . . (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden." F.R.C.P. 45 (d)(3)(A); *Cf.* F.R.C.P. 26(c)(1) (authorizing a district court to issue a protective order to protect "a party or

---

[1]    Not that there could be any vendor, known or unknown, that a reasonable person would just hand their entire digital life, professional and personal, to.

2

person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, "forbidding the disclosure or discovery").

Generally, a non-party has 14 days to respond to a subpoena. *See F.R.C.P. 45(d)(B)* providing 14 days to served objections to subpoena. Here, Mehl was given one business day for compliance.

2.    The Subpoena seeks confidential commercial information.

Rule 45(d)(3) permits quashing the subpoena under these circumstances. "*When Permitted.* To protect a person subject to or affected by a subpoena, the court . . . may, on motion, quash or modify the subpoena if it requires (i) disclosing a trade secret, or other confidential research, development, or commercial information . . . F.R.C.P. 45 (d)(3)(B).

The Honorable Court is infinitely more familiar with the underlying issues in the case than Mehl and the undersigned, so only limited background is required here. Prior filings by Plaintiff and Defendants describe Mehl as the sole proprietor of a small IT firm, "Joe the Computer Guy," that provides information technology services, including data storage, to small companies such as Defendant GWSI. The litigants' filings cite deposition testimony from Mehl and others that Mehl had access to GWSI's email account. Mehl, d/b/a Joe the Computer Guy, has other customers besides GWSI, including freight and warehousing companies such as GWSI, investment advisors, electrical contractors and an accounting firm. Data stored by Mehl is confidential commercial information, to his clients. Such information includes passwords and remote access to client accounts. Such information also includes personal protected information from the clients of Mehl's clients, e.g., the financial information of clients of the accounting firm. It is axiomatic that Mehl

cannot hand over his devices without compromising the commercial information of his clients and the personal protected information of ***their*** clients.

Turning over these devices will not only endanger the confidential commercial interests of Mehl's clients and privacy of their clients[2], but it will also incinerate Mehl's business reputation. He would be obliged to notify all his clients of an effective data breach, and suffer the consequences, which for a sole proprietor information technology vendor are dreadful to contemplate.

3.    The burden on CMPC to obtain these devices from Mehl is higher than the burden to obtain such devices from the litigants.

The Honorable Court has ordered additional discovery from certain litigants. Unlike the litigants, Mehl was not a party to the extensive motion practice precedent to the discovery orders and is not subject to those orders. As a non-party who does not have a financial interest in the various claims and counterclaims, Mehl is afforded greater privacy and burden protections; said protections outweigh whatever need there is for the sought after discovery.

Where the discovery sought is directed at a nonparty, the ordinary burden imposed upon the party seeking it under Rule 26 is greater. *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998). "[A] non-party to litigation is afforded greater protection from discovery than a party." *Chazanow v. Sussex Bank,* Civ. No. 11-1094, 2014 U.S. Dist. LEXIS 89279, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014). "The standards for

---

[2]    Not to mention the privacy of Mehl and his family as such devices invariably contain personal data, e.g. photos, legal documents and privileged communications, family matters and, of course, HIPPA protected health information.

nonparty discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer,* 138 F.R.D. 412, 419 (D.N.J. 1990).  The unwanted burden thrust upon non-parties is afforded special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Spring Pharms., LLC v. Retrophin, Inc.,* No. 18-CV-04553, 2019 U.S. Dist. LEXIS 133316, 2019 WL 3731725, at *3 (E.D. Pa. Aug. 8, 2019)

To the extent the sought after discovery is the February 9, 2021, email, it appears from various motions that it was already produced by a party.[3] To the extent that the sought after discovery is alleged communications between the parties and Mehl concerning deletion of that email, data or metadata from those communications is presumably available on both ends of any such communications, meaning it will exist on the devices of the parties who communicated with Mehl the same as it exists on his devices. For this reason alone, the Subpoena should be quashed.

If the party seeking information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena." *Precourt v. Fairbank Reconstruction Corp.,* 280 F.R.D. 462, 467 (D.S.D.2011). "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party."). *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* 300 F.R.D. 406, 410 (C.D. Cal. 2014).

In *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, No. 20-11050(CPO/MJS), 2022 U.S. Dist. LEXIS 108271 (D.N.J. June 17, 2022), a District Court in

---

[3] If the email itself has already been recovered, it is difficult to discern how the value of the sought after discovery outweighs the heavy privacy, inconvenience and expense of imaging the entirety of all communications devices.

5

the Third Circuit addressed a subpoena similar to the Subpoena here. Specifically, a party

sought to image the phone and computer of a non-party.

> With respect to relevance, though Plaintiff's demands to directly inspect the Petitioner's lap top computer and cell phone could conceivably uncover relevant materials, **they also threaten to sweep in substantial irrelevant information**. And as to proportionality, these demands are not commensurate to the needs of the case and appear overbroad. Considering the availability of the information from other sources and the absence of any specific showing that Petitioner has improperly withheld materials which should have already been turned over, **the Court will not permit such extraordinary and uniquely invasive access.**

*Id.* at *12-13 (D.N.J. June 17, 2022) (emphasis added). Forensic images, due to their broad

nature, may include information irrelevant to the parties' claims or defenses. Salazar v.

Bocanegra, No. 12-cv-0053, 2012 U.S. Dist. LEXIS 196659, 2012 WL 12893938, at *2

(D.N.M. July 27, 2012).

## III.    CONCLUSION

The Subpoena is defective in both scope (hopelessly overboard) and enforceability

(it cannot be enforced without compromising the privacy and confidential commercial

information of Mehl, his family, his clients and their clients). Joseph Mehl respectfully prays

the Honorable Court quash the Subpoena.

Respectfully submitted,

6

_/s/ Peter Erdely_
Peter G. Erdely (PA ID 79993)
**Ahmad Zaffarese LLC**
1 S. Broad Street, Suite 1910
Philadelphia, PA 19107
perdely@azlawllc.com
215-496-9373

_Counsel for Non-Party Subpoena Recipient,_
_Joseph R. Mehl_

Dated: May 29, 2026

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I filed the foregoing Motion to Quash on the Court's ECF Site. The notice of appearance is available for viewing and downloading on the Court's ECF system.

<u>/s/ Peter Erdely</u>
Peter G. Erdely (PA ID 79993)
**Ahmad Zaffarese LLC**
1 S. Broad Street, Suite 1910
Philadelphia, PA 19107
perdely@azlawllc.com
215-496-9373

*Counsel for Non-Party Subpoena Recipient, Joseph R. Mehl*

Dated: May 29, 2026