# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania ▾

| | |
|---|---|
| CMPC USA, INC. <br> _____ <br> *Plaintiff* <br> v. <br> GWSI, INC., et. al. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.  2:24-cv-02087-MMB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Joseph R. Mehl
                4 Brookmont Drive, Malvern, PA 19355

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A

| Place: Two Liberty Place <br> 50 S. 16th St. 22nd Floor <br> Philadelphia, PA 19102 | Date and Time: <br><br> May 27, 2026 at 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  5/21/2026
_____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Michael J. O'Brien |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    CMPC USA, Inc. through Michael J. O'Brien, Esq. _____ , who issues or requests this subpoena, are:
Two Liberty Place, 50 S 16th St., 22nd Floor, Philadephia, PA 19102, mobrien@eckertseamans.com; (215)851-8400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**TO SUBPOENA TO JOSEPH MEHL**

## I.      DEFINITIONS

The terms used herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure and any applicable Local Rules.  Additionally, as used herein, the terms set forth below shall have the following meanings:

1.      "Action" shall refer to the matter currently pending in the United States District Court for the Eastern District of Pennsylvania, under the caption: *CMPC USA Inc. v. GWSI, Inc. et al.*, Civil Action No. 2:24-cv-02087-MMB.

2.      "CMPC" means CMPC USA, Inc., including its employees, representatives, agents, and affiliates.

3.      "SAC" means the Second Amended Complaint that CMPC filed as Exhibit A to its Motion For Leave To File Second Amended Complaint on February 24, 2026, ECF. No. 184.

4.      "Joseph Mehl," "Mr. Mehl," "You," or "Your," shall mean Joseph Mehl, including your employees, representatives, agents, and affiliates.

5.      "MGE" means M. Gerace Enterprise, Inc., including its employees, representatives, agents, and affiliates.

6.      "GWSI" means GWSI Inc., including its employees, representatives, agents, and affiliates.

7.      "The February 9, 2021 email" means the email exchange on February 9, 2021 in which the fully executed February 1, 2021 Warehouse Services Agreement, as defined in paragraph 2 and 34 of CMPC's Second Amended Complaint (Exhibit A to CMPC's February 24, 2026 Motion For Leave To File Second Amended Complaint in this Action, ECF. No. 184), was transmitted.  The February 9, 2021 email included a cover email from mike@mgeraceinc.com to

5

both vic.moreira@cmpc.cl and joaquin.rojas@cmpc.cl, with kburke@mgeraceinc.com in the CC line. The subject line of the cover email is "FW:" and the body of the cover email says "Vic, Please see attached sign contract sorry for delay in sending . Sincerely Michael Gerace" (a portion of the signature block is excluded). The fully executed February 1, 2021 Warehouse Services Agreement is attached to the cover email, and the attachment is titled "20210209155125765.pdf."

8.    "Device" shall mean any instrument or apparatus capable of transmitting, acquiring, or receiving signals, including phones, smart watches, laptop computers, desktop computers, and other portable electronic communication devices.

9.    "Communication" or "Communicate" means and refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including, without limitation, any exchange or transfer of information whether written, oral, graphic, electronic, or in any other form, including metadata. The term "communication" includes, without limitation, emails, telephone calls, and text messages, as well as chat or thread messages, posts or messages on social media platforms, and posts or messages on polling platforms or apps (such as but not limited to Facebook, Instagram, LinkedIn, Snapchat, Twitter, Facebook Messenger, TikTok, Tumblr, Signal, Telegram, WhatsApp, Slack, GroupMe, Discord, LinkedIn YouTube, Reddit, Google Docs, Google Duo, Survey Monkey, Doodle, Zoom, Facetime, Skype, Teams, and HouseParty).

10.    The words "concerning," "regarding," and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

6

11.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Document Requests.

12.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13.     The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including but not limited to."

## II.     INSTRUCTIONS

The following instructions shall apply to each of the Device Inspection Requests herein:

1.     In answering the following Device Inspection Requests, furnish all available information, Including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If You cannot fully respond to the following Device Inspection Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Device Inspection Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Device Inspection Request cannot be answered

fully and completely; and state what knowledge, information or belief You have Regarding the unanswered portion of any such Device Inspection Requests.

2.      If You withhold any information or devices on the grounds of privilege (Including work product immunity), identify the nature of the privilege that is being claimed and, if privilege is governed by state law, indicate the state's privilege rule being invoked; and further identify: (i) the type of device, *e.g.*, personal cell phone; (ii) the general usage of the device; (iii) the dates of your usage of the device; and (iv) such other information as is sufficient to evaluate Your claim of privilege . All such devices shall be listed on a privilege log and the log shall be supplied at a time and place to be agreed upon by counsel.

3.      If Your response to a particular Device Inspection Request is a statement that You lack the ability to comply with that Device Inspection Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

4.      If, at any time, You obtain additional or different Devices, please promptly supplement Your response to the Requests.  CMPC specifically reserves the right to seek supplementary responses or additional supplementary productions.

5.      The Requests call for the production of all Devices within Your possession, custody or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, or other persons acting on Your behalf.  If You cannot respond to the Requests in full after exercising due diligence to secure the

8

Devices requested, please so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

6.      For the purpose of construing the scope of the Requests, the terms used shall be given their most expansive and inclusive interpretation.

## III.    DEVICES TO BE PRODUCED FOR INSPECTION

1.      All Devices used to Communicate concerning The February 9, 2021 email, its deletion, and the circumstances surrounding that deletion, Including delivery headers, handling history, system logs, and deletion records, Including Your cellphones, computers, and Google Workspace accounts, together with any GWSI or MGE file servers, backup servers, IDrive accounts, and external storage devices reasonably likely to contain evidence of The February 9, 2021 email exchange.

9